# UNITED STATES COURT OF APPEALS

## FIFTH CIRCUIT

**HOWARD GARY BROWN**
*Plaintiff – Appellant.*

**-V.-**

**CITY OF CENTRAL,**
*A POLITICAL DIVISION OF THE STATE OF LOUISIANA; DAVIS AND SON'S FENDER FIXER, L.L.C.; JOEY DOE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS TOW TRUCK DRIVER FOR DAVIS AND SON'S FENDER FIXER; ROGER LYNN CORCORAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CITY OF CENTRAL'S CHIEF OF POLICE; NOAH MCKNEELEY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DEPUTY OF CITY OF CENTRAL'S POLICE DEPARTMENT; DARREN SIBLEY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CENTRAL'S DEPUTY POLICE CHIEF; JOHN H. PORCHE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DEPUTY OF CENTRAL'S POLICE DEPARTMENT; ALEX DOE, INDIVIDUALLY; JOHN DOE #1, INDIVIDUALLY; JOHN DOE #2, INDIVIDUALLY; JOHN DOE #3, INDIVIDUALLY,*
*Defendants- Appellees*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA

### CIVIL ACTION NO: 3:23-00264-JWD-RLB

## REPLY BRIEF FOR THE APPELLANT HOWARD BROWN

# TABLE OF CONTENTS

............................................................................................... i

TABLE OF CONTENTS ............................................................. ii

TABLE OF AUTHORITIES ........................................................ iv

JUDICIAL NOTICE ...................................................................1

INTRODUCTION.......................................................................2

JUDICIAL ESTOPPEL ..............................................................4

SUMMARY JUDGMENT ...........................................................6

   *I.   DEFENSE COUNSEL UTTERLY FAILS TO MEET THE REQUIREMENTS NEEDED TO QUALIFY FOR RULE 56(d)* .......................6

   *II.   UNLIKE PLAINTIFF THE DEFENSE HAS ALL THE WITNESSES AND HAS BEEN PROVIDED ALL EVIDENCE*.................................................8

INDIVIDUAL CAPACITIES OF OFFICERS ...............................12

   *I.   DEFAULT & SUMMARY JUDGMENT*.....................................12

   *II.   TIMELY RESPONSES*................................................................17

PRESCRIPTION ......................................................................20

*I.   PLAINTIFF CANNOT BE BARRED FROM DEFENDING NEW ISSUES RAISED BY MAGISTRATE'S REPORT*.............................................*20*

*II.   PLAINTIFF TIMELY FILED COMPLAINT ON DAY 341 OF PRESCRIPTION* .......................................................................*23*

**MUNICIPALITY FRAUD** .......................................................................**25**

**INTIMIDATION & CONTINUED DISCRIMINATION IN THE MIDDLE DISTRICT** ...................................................................................**26**

**CONCLUSION**........................................................................................**29**

# TABLE OF AUTHORITIES

**Cases**

*Arias v. Stolthaven New Orleans, L.L.C*...................................20

*Artis v. D.C*...........................................................24

*Bauer v. Albemarle Corp*...............................................7

*Bell Atl. Corp. v. Twombly*...........................................2

*Celotex Corp. v. Catrett*.............................................14

*Cf. Kontrick v. Ryan*.................................................22

*Chenevert v. Springer*................................................7

*Cupit v. Whitley*.....................................................21

*Freeman v. Cnty. Of Bexar*............................................23

*Freeman v. Tex. Dep't of Criminal Justice*............................11

*George v. Go Frac, LLC*..............................................7, 11

*Haines v. Kerner*.....................................................vi

*Juan v. Government of Commonwealth of Northern Mariana
    Islands*...........................................................23

*Lewis v. Lynn*........................................................12

*Los Angeles v. County of Kern*........................................23

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* ........................ 11

*Perez v. United States* ................................................................. vi

*Reese v. Anderson* ...................................................................... 7

*Stearns Airport Equip. Co. v. FMC Corp* .................................... 7

Whitehead v. White & Case, LLP ................................................ 28

*Wooten v. McDonald Transit Assocs., Inc* ................................. 19

*Xerox Corp. v. Genmoora Corp.,* ............................................... 13

**Statutes**

42 U.S.C § 1987 ........................................................................ 31

LA R.S. §1726 ........................................................................... 24

Title 18 U.S.C. § 1964 ............................................................... 31

Title 18 U.S.C. § 1968 ............................................................... 31

Title 18 U.S.C. § 241 ................................................................. 31

Title 18 U.S.C. § 242 ................................................................. 31

**Rules**

*Fed. Rules Civ. Proc. 12(b)* ...................................................... 22

*FRCP Rule 12* .......................................................................... 22

*FRCP Rule 55* .......................................................................... 19

**FRCP Rule 56**................................................................6, 7, 10

**_FRCP Rule 8_** .......................................................................22

**_Rules Civ. Proc. 8(c),_** ........................................................22

# JUDICIAL NOTICE

This section has fallen on deaf ears to date, but the Plaintiff has high hopes that he is finally writing for adults.

Allegations made in a pro se complaint are held "to a less stringent standard than formal pleadings drafted by lawyers." ***Haines v. Kerner, 404 U.S. 519, 520 (1972).*** To hold a pro se plaintiff to strict compliance "would be inequitable" as courts would punish a pro se plaintiff "for lacking the linguistic and analytical skills of a trained lawyer." ***Perez v. United States, 312 F.3d 191, 194***–95 (5th Cir. 2002). To avoid such a result, "courts have adopted the rule that a pro se plaintiff's pleadings are liberally construed." Id. Even though pleadings by a pro se litigant are held to a less stringent standard, courts must be able to draw the reasonable inference from the pleadings that the defendant is liable for the misconduct alleged. ***Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007))).***

# INTRODUCTION

**Life, Liberty, and Property** are inalienable, fundamental, and inherent rights of existence; rights which are the very basis of why institutions of men are created. All the laws created by free men include the fact that life, liberty, and property do not exist because men have made laws; on the contrary; it was the fact that life, liberty, and property existed that caused men to make laws to protect the fundamental principles of existence.

The principle of a thing is its beginning, and the sacred beginning of the United States of America's inception and that of the Constitution is the protection of life, liberty, and property which are the natural rights of a sovereign people. When through wantonness, fear, greed, apathy, ignorance, or willful disregard to this principle the governments of men disregard this fundamental truth; then the reason for the law is lost; and in its place, sits a system that not only protects the loss of these natural; inherent; and sacred rights but vilifies those who would fight to protect them!

It has been one thousand seventy **(1070)** days since the Plaintiff has seen or possessed his property stolen at the direction of the CITY

OF CENTRAL, its officers, and DAVIS AND SON'S FENDER FIXER, LLC, and four hundred twenty **(420)** days since the commencement of this case; yet Defense Counsel has but one **(1)** leg to stand on because the choice was made not to place any facts, via admissible evidence, on the record to controvert any fact or allegation the Plaintiff has made. Defense has strictly relied upon technicalities rather than the merits of this case, and ultimately the friendly and improper aid of the Magistrate and Judges of the Middle District for his defense.

Unfortunately for the Defense, the Plaintiff has mooted the Defense and Magistrate's claim of prescription; removing any thought that the Plaintiff failed to state a claim for which this court can grant relief.

Plaintiff, here, has clearly established **(1)** Judicial Estoppel, **(2)** the fact that the affirmative Defense of *Statute of Limitations* was waived, **(3)** *Statute of Limitations* is barred from being raised in the manner that the defense and magistrate have raised it, **(4)** there are no disputes of material fact on record thereby giving way to Summary Judgment in favor of the Plaintiff, and **(5)** Prescription is removed as an

issue in this case as the Plaintiff timely filed this complaint on day 341 of Prescription as shown below.

## JUDICIAL ESTOPPEL

Defense Counsel has submitted multiple sworn-to documents in this case and filed them with the Clerk into the record (*i.e. motions and responsive pleadings*) that contain inconsistent and contradictory positions taken by Mr. Thomas when convenient. The Plaintiff, without a shadow of a doubt, has painstakingly highlighted these different positions supported by ample case law, via **(1)** Plaintiff's *Motion to Strike*, ROA.171 **(2)** *Motion to Show Cause*, ROA.208 **(3)** *Motion for Summary Judgment*, ROA.272 **(4)** *Sur-Reply to Summary Judgment*, ROA.146 and **(5)** the *Motion to Compel Discovery*. ROA.395

Mr. Thomas and Magistrate Bourgeois have tried to explain these diametrically opposing positions and inconsistent statements away with rhetoric that would make a silver-tongued snake oil salesman blush. Plaintiff must applaud Mr. Thomas for his most recent explanation of these inconsistencies; it is both artful and well-articulated, and perhaps the best explanation of a materially false statement that Plaintiff has seen in his forty-six **(46)** years on this earth.

Beginning at the bottom of page thirty-six **(36)** of his reply he states**,**

*"As such, Respondents' motions to dismiss did not contain legally inconsistent facts. Rather, these facts were construed in such a way to meet the universally held standard the reviewing Federal Court would use. Defense counsel has considered the plaintiff's statements as true within the motions to dismiss in anticipation that the Federal Court would construe the complaint in the light most favorable to the plaintiff, and any well plead factual allegations as true to determine the legal sufficiency of the claim."*

Previously, Defense Counsel referred to these inconsistencies as 'discrepancies,' but, not surprisingly, I guess he has changed his tune for the Fifth Circuit Judges. ROA.246 Mr. Thomas certainly didn't use this 'standard' when answering the complaint. ROA.70

So, taking the above statement as true, then we can deduce by logic and reason that the words in Mr. Thomas' multiple *Motions to Dismiss* are not his words, despite swearing to them via his signature at the bottom. This would necessarily bring sanctions upon Mr. Thomas and

make his original position of the '<u>universal denial of all allegations</u>'
<u>ROA.71</u> his official stance in this case.

If this court rejects Mr. Thomas' artful explanation, as it should, then Judicial Estoppel must be implemented; thereby mooting all documents submitted by the Defense other than the answer to the complaint, because they all contain diametrically opposing positions from the first position <u>taken **and sworn to**</u> by Mr. Thomas in this case.

## SUMMARY JUDGMENT

### I.    DEFENSE COUNSEL UTTERLY FAILS TO MEET THE REQUIREMENTS NEEDED TO QUALIFY FOR RULE 56(d)

Like a flag blowing in the wind, Defense Counsel is prepared to change directions at a moments notice when he thinks it may help him defeat the Plaintiff. Mr. Thomas wants to flee to **Rule 56(d)** for protection against summary judgment; feigning injury from lack of discovery while simultaneously stonewalling the very discovery he claims to need. Quoting the same case that Mr. Thomas cites, the Court has set out two **(2)** conditions to qualify for a **Rule 56(d)** ruling. "To obtain relief under Rule 56(d), the nonmovant must demonstrate two things: "1) why he needs additional discovery, and 2) how the additional

discovery will likely create a genuine issue of material fact." *Chenevert v. Springer, 431 F. App'x 284, 287 (5th Cir. 2011) (citing Stearns Airport Equip. Co. v. FMC Corp., 170 F.3d 518, 534 (5th Cir. 1999)).* "However, a nonmovant is not entitled to any sort of continuance if it "fail[s] to explain what discovery [it] did have, why it was inadequate, and what [it] expected to learn from further discovery" and only provides "vague assertions of the need for additional discovery." *Bauer v. Albemarle Corp., 169 F.3d 962, 968 (5th Cir. 1999) (citing Reese v. Anderson, 926 F.2d 494, 499 n. 5 (5th Cir. 1991)) (internal quotation marks omitted).George v. Go Frac, LLC, No. SA-15-CV-943-XR, 2016 WL 94146, at *2 (W.D. Tex. Jan. 7, 2016).* However, vague assertions are all that we receive from Counsel.

Defense Counsel, by his own admission, is required to produce actual evidence to qualify for **Rule 56(d)** of which, to date, the Defense has provided ZERO **(0)** facts or evidence that would qualify to remain in evidence in this Honorable Court. Mr. Thomas states in his response to Summary Judgment under Roman Numeral II ROA.317 "if a nonmovant shows by affidavit or declaration that, for specified reasons,

it cannot present facts essential to justify opposition…;" yet he hasn't provided ANY affidavits or declarations, to date; despite having unfettered access to all the witnesses in this case, as they all work for the City.

Defense Counsel spends the entirety of one **(1)** paragraph making only 'vague assertions' of the need for additional discovery ROA.318 at the top of page three **(3)** of his opposition to Summary Judgment and only mentions the Plaintiff's video in passing, which he already has, with no explanation of why it is inadequate or what dispute of material fact it will produce as is required by the Court.

## II.    UNLIKE PLAINTIFF THE DEFENSE HAS ALL THE WITNESSES AND HAS BEEN PROVIDED ALL EVIDENCE

The truth is that Mr. Thomas either lacks the time or motivation to investigate the facts of this case ROA.280 (#28), or is attempting to delay proceedings, harass the Plaintiff, or exhaust the Plaintiff's resources by increasing the cost of litigation. Defense Counsel's caseload is something that is addressed in the Louisiana Rules of Professional Conduct that discusses time management and caseloads for attorneys; Plaintiff cannot be blamed in any way, shape, or form if the caseload is too great for Counsel to bear.

The entirety of what Plaintiff has to discover has been poured out into the documents both in communication with the City, before the filing of this suit, and in this Court's record via sworn first-hand testimony and self-authenticating documents from government. A link to the video was provided multiple times to the City, and Plaintiff included discovery consisting of Requests for Admissions ROA.413 and Requests for Production ROA.416 with service to the City on May 18, 2022, which Plaintiff subsequently emailed to Counsel June 10, 2022. ROA.384 The only one delaying the advancement of discovery is Mr. Thomas.

Further, Plaintiff filed a Court ordered status report ROA.109 on July 28, 2022 that stated in part, "A motion in limine ROA.135 has been mailed to the court along with this status report to admit into evidence the carbon copies of the falsified citations, as well as, Plaintiffs Iphone Video of the incident in question occurring at approximately 10:30am on August 6, 2020, inside the territory known as the City of Central."

Upon the rejection of Plaintiff's Motion in Limine and his thumb drive being returned to him by the court, on July 31, 2022, Plaintiff emailed a link ROA.336 to the complete Iphone video that was and still

9

is hosted on his personal server to Defense Counsel; yet Mr. Thomas feigns injury and mentions only the video without a reason for why he needs discovery or how it will help create a dispute of material fact. Counsel utterly fails to meet the conditions set forth by the court to qualify for a **Rule 56(d)** ruling.

Lastly, on December 20,2022, after eight **(8)** months with no rulings and repeated private requests with denials from Counsel ROA.411 for the answers to Plaintiff's discovery requests, Plaintiff filed a *Motion to Compel Discovery* ROA.395 which Mr. Thomas opposed stating, "Discovery is premature absent a rule 26(f) conference," which was schedule, but cancelled because of slow service due to the lack of initial disclosures from the Defense.

Plaintiff finds it odd that this is the only case that a 26(f) conference was ever scheduled, it's like the Middle District gives busy work to the Pro Se via 'Status Reports' and these conferences. To date, Mr. Thomas has not even provided initial disclosures despite multiple requests from Plaintiff. ( ROA.304 to mention one (1))

"The court must draw reasonable inferences and construe evidence in favor of the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, *475 U.S. 574, 587 (1986)*. "Although the evidence is viewed in the light most favorable to the nonmoving party, a nonmovant may not rely on "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" to create a genuine issue of material fact sufficient to survive summary judgment." *Freeman v. Tex. Dep't of Criminal Justice*, *369 F.3d 854, 860 (5th Cir. 2004)*. "Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment." *Anderson, 477 U.S. at 256*. *George v. Go Frac, LLC*, *No. SA-15-CV-943-XR, 2016 WL 94146, at *1 (W.D. Tex. Jan. 7, 2016)*

Yet, Defense has not even provided a 'scintilla of evidence' much less any admissible evidence to controvert any of the Plaintiff's claims. By definition, FRCP, and the Local Rules of this court (already explained in detail in Appellate Brief) the Defense has offered nothing in the way of properly controverted facts and evidence, leaving the court, but one option, to grant Summary Judgment in favor of the Plaintiff as a matter of law and the rules of this court.

# INDIVIDUAL CAPACITIES OF OFFICERS

## I.   DEFAULT & SUMMARY JUDGMENT

Defense Counsel begins his argument on page 16 regarding default judgments against the officers in their individual capacities by citing ***Lewis v. Lynn*, 236 F.3d 766,767 *(5th Cir. 2001)***, yet fails to quote from this case here. Allow the Plaintiff to quote from this case in the relevant part, "*held:*…'(2) defaulting former officials were entitled to benefit of summary judgment entered for current officials; and (3)…'"

Fair enough, that the defaulting officials (Officers in their individual capacities) are entitled to the benefit of summary judgment entered for current officials (Officers in their official capacities), however, Plaintiff has shown that the grounds for the denial of the Officers in their official capacities is erroneous in his Appellant Brief and the above sections of this reply brief; so, Plaintiff is entitled to judgment against the Officers in their individual capacities as well as their official capacities.

Mr. Thomas, although he says that summary judgment may be requested at any time, wants to make the case that it was premature before discovery; citing, but not quoting case, ***Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 454 *(5th Cir. 1989).*** Defense Counsel

doesn't quote this case because Xerox and Genmoora are giant corporations involved in very complex litigation where discovery may be very pertinent; whereas this case is quite simple and involves well established law (Fourth Amendment) with the only remaining discoverable facts, yet to be obtained, would be coming from the Defense. So, in essence, comparing apples to oranges while continuing to delay the proceedings, harass the Plaintiff, and increase the cost of litigation.

Next, Mr. Thomas wants to talk about the Stearns two-part test stating, "…since discovery had not begun, deposing fact witnesses and reviewing any other evidence, such as video evidence Appellant claims to have, would be useful as this case relies on intent and factual assertions made by Appellant that are not corroborated by evidence, but are rather blanket statements."

Speaking of blanket statements, we have already established that Mr. Thomas had and still has access to the one piece of evidence mentioned here to support his claim, the Plaintiff's video. And finally, Counsel proceeds to cite, but not quote from, ***Celotex Corp. v. Catrett, 477 U.S., 325 (1986)*** trying to make the case that there is an absence of

evidence to support the Plaintiff's claims. Mr. Thomas doesn't want to talk about **(1)** the copies of the falsified citations, <u>ROA.40</u> **(2)** the vehicle storage report, <u>ROA.312</u> **(3)** the federal questions raised by Plaintiff, <u>ROA.25</u> **(4)** the FACTS section of Plaintiff's complaint, <u>ROA.16</u> nor **(5)** the title to the vehicle. <u>ROA.190</u> The only side lacking facts and evidence is the defense, as they have placed ZERO **(0)** facts and evidence on the record to dispute any claim made by the Plaintiff's well-pled complaint that is supported by affidavits and self-authenticating documents. There can be no dispute of material fact when one side doesn't present any; nor make any claims that the Plaintiff's facts and evidence are false in any way.

Defense Counsel then tries to apply mootness to Plaintiff's calls for default judgment of the officers in their individual capacities by admitting the officers had not filed anything on the record in their individual capacities until after Plaintiff's **(1)** *motion for summary judgment* **(2)** first call for default judgment **(3)** second call for default judgment and **(4)** *Motion to Correct the Clerk's Error* in regard to default judgments. While the clerk denied these entries of default "*because of the filings in their official capacities,*" the Clerk and the

Court cannot claim ignorance of the difference between official and individual capacities.

While Plaintiff agrees that the court should only use default judgments sparingly, it is not clear to the Plaintiff that the officers, in their individual capacities, would have ever answered the summons at all; if it weren't for the four **(4)** promptings of Plaintiff and the City taking on their defense.

Chief Corcoran, despite having a law enforcement career spanning twenty **(20)+** years, displayed arrogance and contempt, if not disdain, for the rule of law when he state on video at the scene of the incident, "*I don't need a court order to store your bike*."

The City's interest in this matter compelled them to answer for the officers in their official capacity. When ninety-six **(96)+ days** passed after summons in their individual capacities and it was clear that the Officers refused to take their own representation seriously combined with the above listed four **(4)** promptings by Plaintiff that came and went, the city was compelled to ask their attorney to begin representing the officers in their individual capacities despite stating in an email, to Plaintiff, that this occurrence was extremely rare.

From the outside looking in, it seems as if the City's chances of prevailing in this case would have been greatly reduced by the conviction of the officers in their individual capacities, and with the officer's disdain for any authority, including this Honorable Court, the City chose to represent them in their individual capacities in an attempt to save itself.

It is unclear whether the Officers are footing Mr. Thomas' bill for their defense in their individual capacities. Perhaps, the City has chosen to take on that expense as well for the sake of their own pocket book; but the Plaintiff will be requesting the bookkeeping of Mr. Thomas' bill to be assured that the taxpayers of the CITY OF CENTRAL aren't being billed for the mistakes of their police officers.

Finally, Mr. Thomas makes this statement on the top of page 22 of his reply brief, "…Appellant protests the district court's refusal to enter a default judgment against Respondents and yet cites no case in which a reviewing court reversed a failure to enter a default judgment." It is as if Defense Counsel has never read the Federal Rules of Civil Procedure, Mr. Thomas wants the Plaintiff to cite cases that break the

rules rather than follow them. The Plaintiff, here, has cited the Rules of the Court and expected that they be followed.

Being that this is the Plaintiff's first federal case, he was unaware of a praecipe to prod the Officers to answer in their individual capacities, but nonetheless, in this extreme case combined with officer Corcoran and Sibley's propensity to commit crimes previously, as detailed at the bottom of Plaintiff's Motion for Summary Judgment, ROA.295 a default judgment should have been granted.

## II.   <u>TIMELY RESPONSES</u>

### *INDIVIDUAL CAPACITIES*

Defense Counsel begins this argument by borrowing legal advice from Magistrate Bourgeois calling the City's **12(b)(6)** *Motion to Dismiss* a *judgment on the pleadings*; thereby admitting **(1)** the responsive pleading has already been filed **(2)** that responsive pleading didn't contain the affirmative defense of *Statute of Limitations*. As for the judgment on the pleadings, Mr. Thomas would necessarily need to place at least one **(1)** single fact on the record, via 'affidavits and declarations' to quote the Federal Rules of Civil Procedure, to even have a hope of prevailing in the *judgment on the pleadings*. Mere hearsay from a

bloviating attorney that has placed tens of thousands of words on paper over a period of fourteen **(14)** months and managed to avoid mentioning even one fact or piece of evidence should not suffice for even a kangaroo court much less this Honorable Court. Plaintiff would suggest that a warrant, signed by a judge, would be a great place to start for Defense Counsel.

Plaintiff will concede that the rules allow for a **12(b)(6)** *Motion to dismiss* to be entered at any time before the responsive pleadings; but Mr. Thomas, once again, tries to divert the court's attention away from the real issue here, which is that all officers in their individual capacities waited well beyond their twenty-one **(21)** day time limit, allowed by the summons, before appearing for the first time on the record via filing of their **12(b)(6)** *Motions to dismiss*. When this happens and Counsel does not ask for leave of the court, improperly uses the motion to raise affirmative defenses barred by such a motion, and doesn't provide a 'good cause shown,' as is required by **FRCP Rule 6 and Local Rule 7a** (well established in Plaintiff's original brief), then the *Motion to Dismiss* should be barred for utterly failing to follow the rules. "Appellate courts undertake review of default judgment with

a grain of salt; because of the seriousness of a default judgment, and although the standard of review is abuse of discretion, even a slight abuse of discretion may justify reversal." ***Fed.Rules Civ.Proc.Rule 55, 28 U.S.C.A.*** *Wooten v. McDonald Transit Assocs., Inc.,* ***775 F.3d 689*** ***(5th Cir.),*** *opinion withdrawn and superseded on reh'g,* ***788 F.3d 490*** ***(5th Cir. 2015)***

## OFFICIAL CAPACITIES

The same rules were broken (**FRCP Rule 6 & Local Rule 7a**) by *Motions to Dismiss* filed by the Officers in their official capacities. Plaintiff and the Court need the 'good cause shown' for the untimely responses before they can even be considered in a favorable light, even if they weren't barred by Judicial Estoppel which they are. "The determination on appeal of whether evidence is sufficient to support a default judgment is a factual one governed by the manifest error standard of review." ***Arias v. Stolthaven New Orleans, L.L.C., 2008-1111 (La. 5/5/09),*** ***9 So. 3d 815*** "In proceedings to confirm a default judgment, the elements of a prima facie case are established with competent evidence, as fully as though each of the allegations in the

petition were denied by the defendant." ***LSA–C.C.P. art. 1702(A).***

***Arias v. Stolthaven New Orleans, L.L.C., 2008-1111 (La. 5/5/09), 9 So. 3d 815*** The Plaintiff has a well-pled complaint covering all the essential elements of the allegations backed up with hard evidence and affidavits; the Defense has solely relied upon hearsay from Counsel and the generosity of the Middle District Judges and Magistrates for his defense.

## PRESCRIPTION

### I. PLAINTIFF CANNOT BE BARRED FROM DEFENDING NEW ISSUES RAISED BY MAGISTRATE'S REPORT

Mr. Thomas loves to hammer the point home that Plaintiff has failed to state a claim upon which relief can be granted by this court with the sole reason being prescription and insists that he has raised this defense in enough time as to not prejudice the case; when, in fact, Mr. Thomas has not legally nor properly raised this defense at all. These arguments are completely moot until Defense Counsel can clearly show that he has **(1)** not waived this defense by failing to state it in his responsive pleading, **(2)** raised this defense legally and properly within the rules and not in a motion that bars the raising of this defense, and

**(3)** prove that he isn't barred from doing so by Judicial Estoppel in that he took a very different position in his first sworn document entered into this case.

Further, Defense Counsel loves to quote case law and list out the requirements set forth by the court to meet the essential elements while quoting rules that need to be followed, yet he and the magistrate fail to follow the same rules quoted; and want to bar the Plaintiff from supporting his case with certain doctrines, specifically the continued violations doctrine; but if the defense and the magistrate followed the rules there would be no need for the Plaintiff to use these doctrines. (COVID & Continued Violations Doctrine)

Mr. Thomas tries to bar Plaintiff from using such doctrines quoting from ***Cupit v. Whitley,*** however, this application of what Defense Counsel is trying to do here is the result of an untimely objection which does not apply here. Defense Counsel waived the affirmative defense of *Statute of Limitations* in his answer and was then barred by both Judicial Estoppel and <u>FRCP (as</u> described above) from raising such an affirmative defense, so there was no need for Plaintiff to raise any of these doctrines prior to the Magistrate's Report being the

first and ONLY ruling in this case. In essence, the Magistrate was the first to raise the affirmative defense and did so improperly, so Plaintiff had no reason or opportunity to argue against this defense prior to the objection to the Magistrate's Report.

In this instance, the Magistrate broke multiple court rules to resurrect the affirmative defense for Counsel despite multiple objections by the Plaintiff. The Plaintiff repeatedly made sound arguments for the waiving of such defense and judicial estoppel; all of which the Magistrate ignored to dismiss this case. "A *statute of limitations* defense is not jurisdictional; therefore, courts are under no obligation to raise the matter *sua sponte*." ***Cf. Kontrick v. Ryan,*** ***540 U.S. 443, 458,*** ***124 S.Ct. 906,*** ***157 L.Ed.2d 867***. "As a general matter, a defendant forfeits a statute of limitations defense not asserted in its answer or in an amendment thereto." ***See Fed. Rules Civ. Proc. 8(c),*** ***Fed. Rules Civ. Proc. 12(b)***

***Freeman v. Cnty. Of Bexar*** doesn't help Defense Counsel either, as it deals with a supplemental affidavit submitted after the magistrate's report, and there is no such relational issue in this case; merely an

improperly raised defense with the help of a Defense friendly Magistrate.

## II.  PLAINTIFF TIMELY FILED COMPLAINT ON DAY 341 OF PRESCRIPTION

We all know, by now, that the date of the incident in question is August 6, 2020.

We all know that Plaintiff filed a previous 'complaint' on this issue that was mailed November 12, 2020, which was terminated on April 21, 2021, which would have tolled one hundred and sixty **(160)** days of prescription, in addition to the thirty **(30)** days grace period after dismissal of federal litigation. "The Supreme Court, Justice Ginsburg, held that the federal supplemental jurisdiction statute pauses the clock on a statute of limitations until 30 days after a state-law claim is dismissed by the federal court, abrogating" ***Los Angeles v. County of Ker*n, 59 Cal.4th 618, 174 Cal.Rptr.3d 67, 328 P.3d 56, and *Juan v. Government of Commonwealth of Northern Mariana Islands*, 6 N.M.I. 322, 2001 WL 34883536. *Artis v. D.C., 199 L. Ed. 2d 473, 138 S. Ct. 594 (2018)***

Finally, the permit required by **LA R.S. §1726**. *Abandoned automobiles; stored or in possession of dealer or repairman; right to sell;* didn't issue until <u>November 3, 2020</u>, which would mean that the vehicle was sold sometime after that date; thereby making it a continuing act that would qualify for the Continued Violations Doctrine which ultimately tolls another eighty-nine **(89)** days. Plaintiff verified this date through the Louisiana Office of Motor Vehicles and attempted to obtain a copy of the permit; but it would necessarily require the cooperation of DAVIS AND SON'S FENDER FIXER, LLC (which has not responded to this court) or a subpoena from this court.

So, with the mailing of this complaint on <u>April 18, 2022</u>, to the Clerk (because Plaintiff wasn't allowed in the Courthouse to file in-person, due to discrimination at the courthouse door by Chief Judge, Marshals, and Walden Security) which tolls prescription another three **(3)** days; thusly the Plaintiff filed this timely complaint against the City of Central and its various officers on day 341 of prescription; thereby putting to bed once and for all the issue of prescription in this matter. Please see the chart below for the calculation of tolling.

| Date of Incident | Complaint Mailed | Complaint Filed | Date Terminated | Result in Days |
|---|---|---|---|---|
| 8/6/2020 | 4/18/2022 | 4/21/2022 | | 620 |
| 1st Complaint | 11/12/2020 | 11/13/2020 | 4/21/2021 | -160 |
| Grace Days Post Termination | | | | -30 |
| Permit to Sell Issued | | | 11/3/2020 | -89 |
| | | | | **341** |

# MUNICIPALITY FRAUD

The issue before the court is whether a municipality has the authority to force inhabitation (membership in the corporation which would abrogate the constitutional rights of an individual via a forced contract of membership and use of the administrative code or the misapplication of their statutes and codes to the individual by converting the individual into a commercial entity); upon a member of the public, merely because he is located inside the municipalities' territory; or do the inherent, inviolable, and substantive rights of that member of the public, follow him into the territory of the municipality and supersede any statutes, codes, and/or ordinances or misapplication of commercial codes and statutes of the municipality (essentially by-

laws of the corporation) that are in contradiction to those inviolable rights protected by both the Louisiana and United States Constitutions.

Plaintiff cannot state the who, what, when, where, and how of this municipality fraud any more precisely or concisely than the above statement and literally does not have the word allowance in this document to expound much further. Plaintiff could have attached the *Municipalities* section of *American Jurisprudence* as an exhibit for a complete breakdown and documentation of this fraud, but being twelve hundred **(1200)** pages in length combined with the fact that we should all have access to *American Jurisprudence*, the Plaintiff thought it wise not to increase the cost of litigation and merely reference the complete authority on the matter.

## INTIMIDATION & CONTINUED DISCRIMINATION IN THE MIDDLE DISTRICT

Although this topic is not germane to the defense, it is of the utmost significance to the Plaintiff's litigation of this case. As stated in the brief, the Plaintiff has filed case # **23-cv-0024** in the Middle District of Louisiana in an attempt to correct the discrimination he continues to

suffer in the Middle District of Louisiana by its entire staff, judges, and magistrates.

The Middle District Staff has retaliated against this Plaintiff in multiple ways (**Doc 79-2 MDOL 23-CV-0024**)

1.    The U.S. Marshals have issued a 'private' memo to Walden Security of the Middle District requiring Plaintiff to remove his shoes for inspection upon the entry into the Courthouse.

2.    This private memo also requires an armed guard escort to follow the Plaintiff around the courthouse in an act of intimidation as he attempts to exercise his 1st Amendment Right to redress the government for grievances.

3.    The Middle District has removed pictures of the current officials serving in the building in response to this supposed 'threat' from the Plaintiff.

4.    The Clerk refuses to meet, speak with, or answer written questions regarding the administration of this case despite multiple documented discrepancies in the record. (**See Docs. 65, 65, 75, 76 MDOL Case # 23-CV-0024**)

5.    The Clerk has withheld motions from the record written by Plaintiff for up to eleven (11) days trying to prejudice his case.

6.    The Clerk has issued notices to change the local rules shortening Plaintiff's time to respond and allowing for sur-replies by the defense with no order from the judge and then failed to mail a notice to the Plaintiff who is barred from electronically filing and receiving such notifications.

7.    The Judge has quoted non-precedential case law in threatening sanctions against Plaintiff Brown in an attempt to silence his calls for injunctions to stop the discrimination and intimidation; specifically <u>Whitehead v. White & Case, LLP</u> (See **Doc. 34 of MDOL Case # 23-CV-0024)** all the while refusing to answer our rule 52 motion to provide the findings of fact and conclusions of law, stating, "that is premature."

8.    Both Assistant US Attorneys have either changed words in the quotation of case law or cited cases that never got passed the filing fee stage of litigation.

This is only a fraction of the issues that this Plaintiff has had to deal with during the litigation of his cases before the Middle District.

Plaintiff brings this up to state that this is no ordinary appeal that can be remanded back to the Court from which it came. These are extraordinary circumstances that must be considered by this Court before remanding this case back to the Middle District, as this Plaintiff has no hope of a fair trial there.

## CONCLUSION

The merits of this case are simple, Chief Corcoran and his gang of masked bandits deemed the Chief: judge and jury over the Plaintiff's property and used the customs, practices, and procedures of the CITY OF CENTRAL, under the color of law, combined with their private-public partnership with DAVIS AND SON'S FENDER FIXER, LLC to abrogate the due process clause of the Constitution and both seize and sell the property of the Plaintiff without a warrant signed by a judge authorizing the loss of property rights.

It is a sad state of affairs when the modern municipality needs to rely on the fraudulent taking of property from the people to survive in its current condition and fulfill the empty promises it has made to its inhabitants. Plaintiff, like the Defense and the Judges in the Middle

District, realize what is at stake if municipalities are prevented from acting with impunity to confiscate the wealth of the people.

Perhaps this is why the Defense has offered nothing more than hearsay and cheap parlor tricks to avoid liability in this matter while consuming years of the Plaintiff's life without fact (1) being placed on the record. It has become obvious to the Plaintiff, through this process, that the modern District Courts, at least in the defense of government, use 12(b)(6) Motions to litigate the entire case while aiding and abetting the defense in stonewalling, delaying the proceedings, harassing the Plaintiff, and attempting to exhaust the Plaintiff's patience and resources.

The machinations of government have been weaponized against the people in their ignorance which allow greedy and unscrupulous municipalities with their police chiefs to raid and plunder the treasure of the very people that created the institution that they claim to work in service of; all the while hiding behind cheap theatrics and statistics claiming to have protected the people. Perhaps Mark Twain said it best, "It's easier to fool the people than convince them that they've been fooled."

This Plaintiff has been fooled for many years and countless treasure has been plundered from him over the years through the use of wordplay and misunderstandings of the law, but no more. The Plaintiff has exposed in these court documents real crimes committed by those in government in conjunction with their public-private partnerships doing for government what government could not do to the people alone; and this Plaintiff calls on this court to serve up justice to them and restore the rule of law by empaneling a grand jury in accordance with **42 U.S.C § 1987** that authorizes and requires, at the expense of the United States, to institute prosecutions against all persons violating any of the provisions of **Title 18 U.S.C. § 241 and 242**, **Title 18 U.S.C. § 1964 (a) (b) (c) and § 1968** (Civil investigative demand) and to cause such persons to be arrested, and imprisoned or bailed, for trial before the court of the United States or the territorial court having cognizance of the offense. See ***Pub. Law 106-274, Sec. 4 (d), Sept. 22, 2000, 114 Stat. 804***.

Respectfully Submitted,

_____
s/Howard Brown, Pro Se
1344 Lakeridge Drive

Baton Rouge, LA 70802
(504) 756-1987

## CERTIFICATE OF SERVICE

I certify that on July 12, 2023, I filed a true and correct copy of the foregoing proposed sufficient brief via the Court's electronic filing system, which will automatically serve a copy on all parties' registered counsel.

J. Scott Thomas
6767 Perkins Road
Baton Rouge, LA 70821
sthomas@lma.org

_____
s/Howard Gary Brown

# CERTIFICATE OF COMPLIANCE

Pursuant to 5th Cir. R. 32.2.7(c), the undersigned certifies this brief complies with the type-volume limitations of 5th Cir. R. 32.2.7(b).

1. Exclusive of the exempted portions in 5th Cir. R. 32.2.7(b)(3), the brief contains: 6550 words in proportionally spaced typeface of Century Schoolbook 14 point.

2. If the Court so requires, the undersigned will provide an electronic version of the brief and/or a copy of the word or line printout.

3. The undersigned understands a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in 5th Cir. R. 32.2.7, may result in the Court's striking the brief and imposing sanctions against the person signing the brief.

Respectfully Submitted,

_____

s/Howard Gary Brown, *Pro se*