**Howard G. Brown**
1344 Lakeridge Drive
Baton Rouge, LA 70802
Phone: (504) 756-1987
Fax: (985) 238-3818
hgarybrown@gmail.com

No. **23-30146**

# UNITED STATES COURT OF APPEALS

## FIFTH CIRCUIT

**HOWARD GARY BROWN**
　　　　　　　　　*Plaintiffs – Appellants,*

-v.-

**CITY OF CENTRAL,**
*A POLITICAL DIVISION OF THE STATE OF LOUISIANA; DAVIS AND SON'S FENDER FIXER, L.L.C.; JOEY DOE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS TOW TRUCK DRIVER FOR DAVIS AND SON'S FENDER FIXER; ROGER LYNN CORCORAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CITY OF CENTRAL'S CHIEF OF POLICE; NOAH MCKNEELEY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DEPUTY OF CITY OF CENTRAL'S POLICE DEPARTMENT; DARREN SIBLEY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CENTRAL'S DEPUTY POLICE CHIEF; JOHN H. PORCHE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DEPUTY OF CENTRAL'S POLICE DEPARTMENT; ALEX DOE, INDIVIDUALLY; JOHN DOE #1, INDIVIDUALLY; JOHN DOE #2, INDIVIDUALLY; JOHN DOE #3, INDIVIDUALLY,*

　　　　　　　　　*Defendants - Appellees*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA**

**CIVIL ACTION NO: 3:22-00264-SMH-CBW**

**APPELLANT'S OPPOSITION TO APPELLEE'S MOTION TO WITHDRAW**

COMES NOW, Appellant, Howard Gary Brown to move this Honorable Court to reject the request for the withdrawal of J. Scott Thomas.

## INTRODUCTION

Appellant is opposed to the Appellee's motion to withdraw J. Scott Thomas for the following reasons: **(1)** it would be highly prejudicial to Appellant's case moving forward, **(2)** there was ample opportunity to inform the appellant of this prior to Mr. Thomas changing positions, **(3)** Mr. Hilburn was less than forthright with Appellant when he called to request this change.

## PREJUDICIAL

This case is unique in that the first response to the complaint from the Defense was an *Answer to the Complaint* that denied ALL claims stating, *"The allegations contained in the section of Plaintiff's Complaint entitled 'Facts', the allegations contained therein are denied, denied as written, and denied for lack of sufficient information to justify a reasonable belief therein."*

Now, this was an answer for the city alone and there are a lot of other issues with the later responses including timeliness that are addressed in the Appellant's brief, now before the court; but there is the issue of Judicial Estoppel before the court. There are unnamed defendants in this case, due to the stonewalling by Mr. Thomas and his refusal to divulge all names of those present at the incident. These other individuals happen to be members of the State Police and the East Baton Rouge Sheriff's Office.

It has come to the attention of the Appellant that Mr. Hilburn's firm represents the East Baton Rouge Sheriff in other matters, and it is the concern of the Appellant that any replacement of representation for the defense at this time would allow for **(1)** the erosion of Judicial Estoppel **(2)** and gives Mr. Hilburn to have the advantage of watching the entire trial play out before he would have to pick his defenses.

For these reasons alone the request to withdraw should be denied.

## TIMELINESS

It is the understanding of the Appellant that Mr. Thomas originally worked for the *Louisiana Municipal Association* which was

hired to adjudicate this matter for the City of Central and eventually included even the defendants in their individual capacity which is a rarity even by Mr. Thomas' own admission. Appellant does not know when the *Louisiana Municipal Association* decided to close their legal division, but this Appellant does know that it didn't happen overnight.

Appellant was first informed of this request to withdraw on November 9, 2023, by Mr. Hilburn. It is now November 21, 2023, and the request to withdraw has been filed with the court for a few days now. This is in NO WAY sufficient notice given to Appellant as the court would demand. An attorney of record may only withdraw by leave of court upon a showing of good cause and reasonable notice to the clients. *Wynn,* **889 F.2d at 646;** *Streetman,* **674 F.Supp. at 234. <u>F.T.C. v. Intellipay, Inc.</u>, 828 F. Supp. 33, 33–34 (S.D. Tex. 1993)**

Mr. Thomas knew that the legal division of the *Louisiana Municipal Association* was closing for some time as evidenced by the fact that Mr. Thomas was comfortably sitting at the desk of his NEW job in his NEW firm before this appellant was even made aware of his absence.

4

Further, it was the proposed NEW attorney Mr. Hilburn that informed the Appellant of this potential change in leadership for the defense. Mr. Thomas had a duty and an obligation to the Appellant to inform him of this coming change when he first knew about it, and he chose not to do so which is in no way surprising should you read the Appellant's brief in this case, but it should bar the defense from changing horses this late in the race. Attorneys normally are expected to work through the completion of a case. ***In the Matter of Wynn,* 889 F.2d 644, 646 (5th Cir.1989)** <u>F.T.C. v. Intellipay, Inc.</u>**, 828 F. Supp. 33, 33 (S.D. Tex. 1993)**

## MR. HILBURN LESS THAN FORTHRIGHT

In addition to the foregoing reasons as to why the *Request to Withdraw* should not be granted; Mr. Hilburn, when calling the Appellant for his permission to file this motion unopposed, he stated the reason for the switch was that the client had requested the change. Mr. Hilburn offered no further explanation of the reason for this change in representation, and when pressed by the Appellant, Mr. Hilburn got defensive and sought to end the conversation.

Appellant had to make several phone calls to find out the real reason for this request and Mr. Thomas never spoke with Appellant, but only responded to Appellant's email. After discovering the real reason for the request, Appellant followed up with an email to Mr. Hilburn which was never answered that stated:

> Howard B <hgarybrown@gmail.com>  Thu, Nov 9, 12:02 PM (12 days ago)
> to James
>
> James,
>
> I am troubled to be hearing this news from new counsel rather than Scott Thomas himself.
>
> Why didn't you explain to me the situation with the LMA and Scott over the phone? Why wouldn't you give me a straight answer as to why this is occurring? Did you not know? Did you fail to investigate the facts of the case before calling for permission to file such a motion?
>
> How are you drafting Mr. Thomas' withdrawal letter? Did he hire you to represent him in this matter?
>
> This is highly prejudicial to the Plaintiff's case at this time and Plaintiff opposes this motion to replace counsel.
>
> Have a great day,
>
> Howard

## CONCLUSION

Other than the obvious prejudicial reasons including Judicial Estoppel, the fact that Mr. Thomas is still a practicing attorney just down the street from his previous office, and the fact that Mr. Hilburn

is reluctant to be honest with the Appellant about the reasons for such request this *Request for Withdrawal* should be denied.

Respectfully Submitted,

**s/Howard G. Brown**

_____

1344 Lakeridge Drive
Baton Rouge, LA 70802
Phone: (504) 756-1987
Fax: (985) 238-3818
hgarybrown@gmail.com

# CERTIFICATE OF COMPLIANCE

I, Howard Brown, undersigned, certify that:

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. 32(f), this document contains 1202 words, as determined by Microsoft Office Word 2019 word processing software.

2. This document complies with the typeface requirement of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in Century Schoolbook (14-point)

**Dated: September 28, 2023**

By:   s/Howard Brown
_____
Howard Brown**,** *Pro Se*
*1344 Lakeridge Drive*
*Baton Rouge, LA 70802*
*504-756-1987*
*hgarybrown@gmail.com*

## CERTIFICATE OF SERVICE

I certify that on November 21, 2023, I filed a true and correct copy of the foregoing proposed sufficient brief via the Court's electronic filing system, which will automatically serve a copy on all parties' registered counsel.

J. Scott Thomas
6767 Perkins Road
Baton Rouge, LA 70821
sthomas@lma.org

**By:** s/Howard Brown
_____
*Howard Brown, Pro Se*
*1344 Lakeridge Drive*
*Baton Rouge, LA 70802*
*504-756-1987*
*hgarybrown@gmail.com*